IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SPARKLE ASSET MANAGEMENT LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:19-cv-00333 |
| v. | § § | |
| PELEUS INSURANCE COMPANY AND STRATA CLAIMS MANAGEMENT, LLC, | § § § § | |
| Defendants. | § | |

**DEFENDANT PELEUS INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Peleus Insurance Company files this Notice of Removal under 28 U.S.C. Section 1446(a) and respectfully states.

**I.
INTRODUCTION**

1. Plaintiff Sparkle Asset Management, LLC ("Plaintiff") commenced this lawsuit on September 16, 2019 by filing Plaintiff's Original Petition and Requests for Disclosure ("Original Petition") in the 28th Judicial District Court of Nueces County, Texas – Cause No. 2019-DCV-4621-A.

2. This lawsuit arises out of Plaintiff's claims for coverage under a commercial property insurance policy issued by Peleus for physical loss or damage allegedly sustained by three separate commercial properties as the result of Hurricane Harvey.

3. Plaintiff's Original Petition, which includes a jury demand, names Peleus and Strata Claims Management, LLC ("Strata") as defendants. Strata acted Peleus' third-party administrator with respect to the three property insurance claims made the basis of this lawsuit.

4.      Peleus was served with Plaintiff's Original Petition on October 7, 2019 through the Texas Commissioner of Insurance, and it files this Notice of Removal within the 30-day period required by 28 U.S.C. Section 1446(b)(2)(B).

5.      Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the action is pending is located in this district.

6.      Peleus need not obtain Strata's consent to removal because Strata was improperly joined as a defendant in this action.[1] However, to the extent Strata's consent is required, Strata consents to the removal of this action. Accordingly, the requirement that all defendants consent to removal is satisfied.

## II.
## BASIS FOR REMOVAL

7.      Removal is proper under 28 U.S.C. Section 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Peleus.**

8.      Plaintiff Sparkle Asset Management, LLC is a Texas limited liability company with its principal place of business in the State of Texas. The citizenship of a limited liability company is determined by the citizenship of its members.[2] Plaintiff Sparkle Asset Management, LLC's only reported members/managers is Chase Russell – an individual who is domiciled and resides in Texas. Plaintiff Sparkle Asset Management, LLC is thus a citizen of Texas for diversity

---

[1]   *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2]   *See Carden Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

jurisdiction purposes.

9. Defendant Peleus is an insurance company incorporated in the State of Virginia with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

10. Defendant Strata is a limited liability company organized under the laws of the State of Texas. Strata's sole member/manager is ClearView Risk Insurance Programs, LLC – a limited liability company organized under the laws of the State of Texas. ClearView Risk Insurance Programs, LLC's sole member/manager is ClearView Risk Holdings, LLC – a limited liability company organized under the laws of the State of Delaware. The members/managers of ClearView Risk Holdings, LLC's are citizens of Illinois, New York, and Texas. Defendant Strata is thus a citizen of Illinois, New York, and Texas for diversity jurisdiction purposes; however, because Strata was improperly joined as a defendant in this action, its citizenship should be disregarded by this Court in determining jurisdiction under 28 U.S.C. Section 1332(a).

11. Because Plaintiff is a citizen of Texas and Peleus – the only properly-joined defendant in this action – is a citizen of Virginia, complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit.

*(1)* ***Plaintiff Improperly Joined Strata as a Defendant to Defeat This Court's Jurisdiction.***

12. Defendant Strata has been improperly joined as a defendant in this action and its citizenship should be disregarded for purposes of diversity jurisdiction. A court must disregard the citizenship of a non-diverse party if the removing defendant shows improper joinder by either: (1) "actual fraud in the pleading of jurisdictional facts"; or (2) "inability of the plaintiff to establish a

cause of action against the non-diverse party in state court."³ Under the second method, the removing defendant must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that that the plaintiff might be able to recover against [the] in-state defendant."⁴ And, when evaluating a plaintiff's reasonable possibility of recovery against the in-state defendant, the Court may "pierce the pleadings" and consider summary judgment-type evidence where, as here, the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder."⁵

13. Here, Plaintiff's Petition fails to establish a reasonable possibility of recovery against Strata because Plaintiff lacks a valid claim upon which relief may be granted as to Strata under Texas law. Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm."⁶ Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."⁷ If an insurer makes such an election before the claimant files suit, ***"no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with***

---

³ *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004)

⁴ *Id.*

⁵ *Id.*

⁶ TEX. INS. CODE ANN. § 542A.001(2).

⁷ TEX. INS. CODE ANN. § 542A.006(A).

*prejudice.*"[8]

14. It is undisputed that Strata is Peleus' "agent" as defined by section 542A.001(1) of the Texas Insurance Code.[9] Indeed, Plaintiff's Original Petition plainly alleges that "Strata is Peleus' agent for the reporting, administering, and adjusting [of] claims under the insured's master policy."[10]

15. It is also undisputed that Peleus – via three separate emails sent to Plaintiff's counsel on August 29, 2019 – elected to accept whatever liability its agent (Strata) might have to Plaintiff in connection with the three property insurance claims at issue in this action.[11] Despite receiving written notice of Peleus' statutory election of legal responsibility for the claim-related activities of Strata under section 542A.006 of the Texas Insurance Code,[12] Plaintiff nevertheless filed suit against ***both*** Peleus ***and*** Strata on September 16, 2019.[13]

16. Because Peleus provided Plaintiff with written notice of its election of legal responsibility under section 542A.006 prior to Plaintiff's filing of suit, no cause of action exists against Strata with respect to the three property insurance claims at issue, and Texas law mandates that all causes of action asserted against Strata be dismissed with prejudice. As a result, there is no possibility that Plaintiff might recover against Strata on any of the causes of action pleaded in

---

[8] TEX. INS. CODE ANN. § 542A.006(b) (emphasis added).

[9] *See* TEX. INS. CODE ANN. § 542A.001(1) ("Agent" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.")

[10] Exhibit B [Plaintiff's Original Petition] at 3.

[11] *See* Exhibit G [542A.006 Notice of Election – Brittany Street Apartments]; *See* Exhibit H [542A.006 Notice of Election – Coral Cay Apartments]; *See* Exhibit I [542A.006 Notice of Election – Colony Duplexes].

[12] *See id.*

[13] *See* Exhibit B [Plaintiff's Original Petition] at 1 (reflecting a filing date of September 16, 2019).

Plaintiff's Original Petition.

B. **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

17. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[14] .

18. Here, Plaintiff's Original Petition states that Plaintiff seeks to recover damages in excess of $1,000,000 in this lawsuit.[15] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

19. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, removal is proper under 28 U.S.C. Section 1332(a).

### III.
### COMPLIANCE WITH 28 U.S.C. §1446

20. As required by 28 U.S.C. Section 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a. All executed process in this case, attached as Exhibit A;

   b. Plaintiff's Original Petition, attached as Exhibit B;

   c. Defendant Peleus Insurance Company's Answer to Plaintiff's Original Petition, attached as Exhibit C;

   d. State Court Docket Sheet, attached as Exhibit D;

   e. An index of matters being filed, attached as Exhibit E; and

---

[14] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[15] *See, e.g.,* Exhibit B [Plaintiff's Original Petition] at 1 and 23.

  f. List of all counsel of record, attached as Exhibit F.

21. In addition to the documents required by 28 U.S.C. Section 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

  a. Email from James W. Holbrook, III to Cassandra Pruski dated August 29, 2019 [542A.006 Notice of Election – Brittany Street Apartments] (attached as Exhibit G to Notice of Removal);

  b. Email from James W. Holbrook, III to Cassandra Pruski dated August 29, 2019 [542A.006 Notice of Election – Coral Cay Apartments] (attached as Exhibit H to Notice of Removal); and

  c. Email from James W. Holbrook, III to Cassandra Pruski dated August 29, 2019 [542A.006 Notice of Election – Colony Duplexes] (attached as Exhibit I to Notice of Removal).

22. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and Peleus will promptly file a copy of this Notice with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company hereby provides notice that this action is duly removed from the 28th Judicial District Court of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

              Respectfully submitted,

              By: */s/ James W. Holbrook, III*
                James W. Holbrook, III
                State Bar No. 24032426
                Southern Member ID No. 659759
                jholbrook@zelle.com

              **ZELLE LLP**
              901 Main Street, Suite 4000
              Dallas, TX  75202
              Telephone: 214-742-3000
              Facsimile: 214-760-8994
              **ATTORNEY-IN-CHARGE FOR DEFENDANT**

OF COUNSEL:

Steven J. Badger
Texas Bar No. 01499050
Southern Member ID No. 27659
sbadger@zelle.com
M. Paige Tackett
Texas Bar No. 24083935
Southern Member ID No. 3074560
ptackett@zelle.com
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:     214-742-3000
Facsimile:     214-760-8994
**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

This is to certify that on November 6, 2019, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

> Todd Lipscomb
> todd@lhllawfirm.com
> Cassandra Pruski
> cassie@lhllawfirm.com
> LOREE & LIPSCOMB
> The Terrance at Concord Park
> 777 East Sonterra Boulevard, Suite 320
> San Antonio, TX 78258
> Telephone:     210-404-1320
> Facsimile:     210-404-1310
> *Counsel for Plaintiff*

          */s/ James W. Holbrook, III*
          James W. Holbrook, III